UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE HILL,

     Plaintiff,

v.

WAYNE STATE UNIVERSITY,

     Defendant.

_____/

Case No. 5:21-cv-11409
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND (ECF No. 7)

### I. Introduction

This is an employment discrimination case.  Plaintiff Stephanie Hill (Hill) filed suit in state court, asserting claims under Michigan's Elliott–Larsen Civil Rights Act (ELCRA), M.C.L. § 37.2101 *et sec*, regarding non-renewal of her AmeriCorps contract by defendant Wayne State University (WSU).  (ECF No. 1, PageID.23).  WSU removed the case to federal court based on the federal question and/or preemption presented by the National Community Service Act (NCSA), the federal statute governing AmeriCorps volunteers.  *See, e.g.*, 42 U.S.C. § 12636(f)(2); 45 C.F.R. § 2540.230(c).

1

Hill now moves to remand the case to state court.  (ECF No. 7).  The motion has been referred to the undersigned (ECF No. 8) and is fully briefed (ECF Nos. 9, 10).  A hearing was held on October 7, 2021.  (ECF No. 12).  For the reasons that follow, the undersigned RECOMMENDS that Hill's motion to remand be GRANTED, that her request for attorney fees be DENIED, and that this matter be REMANDED to the Wayne County Circuit Court for further proceedings.

## II.  Background

On February 19, 2020, Hill sued WSU in the Wayne County Circuit Court alleging employment discrimination and retaliation under the ELCRA.  (ECF No. 1, PageID.1-2).  Hill initially alleged that she was terminated by WSU on the basis of her age and retaliated against for her related complaints.  (*Id*., PageID.16-21).

On April 9, 2020, WSU filed a motion for summary disposition, arguing that Hill failed to exhaust Michigan Court of Claims notice requirements.  The circuit court denied the motion.  WSU filed a notice of appeal to the Michigan Court of Appeals; however, WSU later stipulated to dismiss the appeal, which was entered on February 19, 2021.  (ECF No. 7, PageID.83; ECF No. 9, PageID.139).  The case returned to the circuit court.

Almost a year later, on April 1, 2021, WSU filed a second motion for summary disposition, this time arguing that "Plaintiff's claims are time-barred under Plaintiff's AmeriCorps member agreement and the National and Community

2

Service Act (NCSA)."  (ECF No. 7, PageID.83; ECF No. 9, PageID.140).  In addition to responding to the motion, Hill moved to amend the complaint, clarifying that rather than being terminated, she was refused a contract renewal for a third term of AmeriCorps service by WSU.  (ECF No. 7, PageID.84).  WSU contends that Hill moved to amend in an attempt to circumvent the terms of her employment agreement.  (ECF No. 1, PageID.8).

On May 24, 2021, the circuit court denied WSU's second motion for summary disposition without prejudice and granted Hill's motion to amend.  (ECF No. 7, PageID.86; ECF No. 9, PageID.140).  Hill filed the amended complaint the next day.  (*Id*.).

Following the filing of the amended complaint, on June 15, 2021, WSU removed the case to federal court.  (ECF No. 1).  WSU acknowledges that Hill's allegations do not arise under federal law but argues that two exceptions to the well-pleaded complaint rule apply, providing federal jurisdiction to Hill's state law claims.  Hill contends that neither exception applies and that WSU's removal is untimely.  These arguments will be considered below.

### III.  Legal Standard

Federal courts are courts of limited jurisdiction conferred by Article III of the United States Constitution and the Acts of Congress.  *Gross v. Hougland,* 712 F.2d 1034, 1036 (6th Cir. 1983).  Actions brought before the state court may be

3

removed to the federal court only if the suit could have been originally brought before the federal court.  28 U.S.C. § 1441; See *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1 (1983).  Section 1441 must at all times be strictly construed out of regard for the "rightful independence" of state courts.  *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941).

In reviewing a motion to remand, the court must be mindful of the scope of the federal jurisdictional statutes and the overriding constitutional limits to federal district court jurisdiction.  The removing party has the burden to prove that the federal district court has jurisdiction.  *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  Courts construe removal statutes narrowly, resolving uncertainties in favor of remand.  *Her Majesty the Queen of Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989).

28 U.S.C. § 1331 provides that the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This Court may exercise such federal-question jurisdiction only if the well-pleaded allegations of the complaint, not any potential defenses, arise under federal law — this is the so-called well-pleaded complaint rule.  *Mikulski v. Centerior Energy Corp.,* 501 F.3d 555, 560 (6th Cir. 2007) (internal citations omitted).  As both parties note, there are two relevant exceptions to the well-pleaded complaint rule.  One provides that federal-question jurisdiction exists

4

"where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Id*. (internal quotation omitted).  Another exception provides that jurisdiction exists "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id*. (internal citation omitted). The undersigned will analyze these exceptions in turn below.

IV.  Analysis

A.  Timeliness

At the onset, the undersigned shall address Hill's contention that WSU's removal under 28 U.S.C. § 1446 was not timely.  Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

WSU states that the removal, which was effected on June 15, 2021, was timely, as it was within 30 days of the amended complaint that Hill filed on May 25, 2021.  By the text of the statute, which requires removal within 30 days of "receipt by the defendant … of a copy of an amended pleading…" removal would appear unquestionably timely.

Hill, however, relies on an interpretation of 28 U.S.C. § 1446(b)(3) in an unpublished Sixth Circuit case which states that the 30-day period begins to run

5

"from the date that a defendant has solid and unambiguous information that the case is removable, even if that information is solely within its own possession." *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573 (6th Cir. 1991) (unpublished) (Table).  Hill contends that, having sought a state court determination on NCSA preemption in state court on April 1, 2021, WSU was on notice of the supposed grounds for removal from at least that date.  *See* ECF No. 7-2, PageID.116-118.

The undersigned first notes that the rule in *Holston* has not aged favorably. In a subsequently published Sixth Circuit case, the court noted: "For several reasons, we respectfully disagree with *Holston's* rule, and decline to follow it here.  *Holston* is unpublished, and is accordingly not binding precedent."  *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 283 (6th Cir. 2016).[1]   *Id*. at 283 n.3. The *Graiser* court went on to state that "*Holston*'s rule is also not administrable. Determining the date upon which a defendant ascertained removability through 'receiving' necessary documents within its exclusive possession—documents that the defendant may have possessed from the beginning of litigation but only

---

[1] The *Graiser* court also noted that *Holston* had been cited in only one published Sixth Circuit opinion, *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015), which merely quoted *Holston* for the proposition that the 30-day windows of § 1446(b) begins to run only when the defendant receives "solid and unambiguous information that the case is removable."

6

'reviewed' at a later point in time—requires guesswork and involves ambiguity." *Id*. at 283.

Furthermore, on review of WSU's arguments in their second motion for summary disposition in state court, (ECF No. 7-2), there is much more emphasis on preemption of Hill's claims due to the member agreement that she signed than due to federal law, and removal jurisdiction would be difficult to substantiate on those bases. The filing of Hill's amended complaint, which changed the alleged violation from a termination to a denied renewal, squarely removed the member agreement as an issue and left federal law as WSU's major defense to Hill's claims. This also raised the potentially substantial federal question of whether NCSA regulations apply to applicants, as well as the potential for complete preemption, both of which are examined below. Believing this to be cause for removal, the undersigned concludes that WSU timely removed within 30 days of the amended complaint and therefore recommends that remand not be made based on timeliness.

### B. Substantial Federal Question

#### 1. General

"Under the substantial-federal-question doctrine, a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the

validity, construction, or effect of federal law." *Mikulski*, 501 F.3d at 565. "The mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction, either originally or on removal. Such jurisdiction remains exceptional and federal courts must determine its availability, issue by issue." *Id*. As the Supreme Court has clarified, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

## 2. Application

WSU argues that Hill's claim will necessarily raise issues under the NCSA, specifically (1) whether NCSA regulations apply to applicants, as Hill alleges discrimination in applying for renewal, and (2) whether AmeriCorps participants can be considered employees as a matter of law.

Considering the second issue first, WSU notes that "every court and federal agency to consider this issue has found that AmeriCorps volunteers are not employees." (ECF No. 9, PageID.155).[2] Even so, every case cited by WSU is

---

[2] Citing *Moise v. Miami-Dade Cty*., No. 17-20993-CIV, 2018 WL 4445111 (S.D. Fla. Aug. 22, 2018) (applying economic realities tests, AmeriCorps participant was not an employee under Fair Labor Standards Act (FLSA), Americans with Disabilities Act (ADA), Age Discrimination in Employment Act (ADEA), Florida Civil Rights Act, Florida's Workers' Compensation Act, or Florida's

8

distinguishable in that, while they offer potential answers on the underlying

question of whether AmeriCorps volunteers can be considered employees, they do

not reach the present question of whether this inquiry can be decided by a federal

court in a case with solely state law claims. The *Twombly* case cited by defendants

only offers a quote from the statute that participants "shall not be considered

employees of the program." 212 F.3d at 84 (holding that this did not render

organization's promise to provide workers' compensation impracticable). The

other cases involved a plaintiff seeking redress under one or more federal statutes,

which of course begs the question regarding the existence of federal jurisdiction.

Further, none of the cases cited by WSU can speak to the ELCRA or Michigan

---

Whistleblower Act); *Twombly v. Ass'n of Farmworker Opportunity Programs*, 212 F.3d 80, 84 (1st Cir. 2000) ("Since 1991, the NCSA has provided that participants in an approved AmeriCorps program ... 'shall not be considered employees of the program.' "); *Rodriguez v. Corp. for Nat'l & Cmty. Serv.*, EP-09-CA-041-FM, 2009 U.S. Dist. LEXIS 67534, at \*14-16 (W.D. Tex. June 23, 2009) (AmeriCorps participant was not an employee of host organization "as a matter of law," regarding ADA and Rehabilitation Act claims); *Murray v. Am. Red Cross Cap. Area Chapter*, No. 4:07CV161-RH/WCS, 2008 WL 11460707 (N.D. Fla. 2008) (AmeriCorps participant was not an employee for purposes of Title VII); *Self v. I Have A Dream Found.-Colorado*, 552 F. App'x 782, 784 (10th Cir. 2013) (AmeriCorps participant not an employee for purposes of the ADA); *Cameron v. Wofford*, 955 F. Supp. 1319, 1320 (D. Kan. 1997) (Volunteers In Service To America (VISTA) participant was not a federal employee under Title VII); *Smith v. Corp. for Nat'l & Cmty. Serv.*, No. 2:16-CV-13700, 2017 WL 3474077, at \*1 (E.D. Mich. June 14, 2017), *report and recommendation adopted,* No. 16-13700, 2017 WL 3471231 (E.D. Mich. Aug. 11, 2017), *aff'd,* No. 17-2008, 2018 WL 4191104 (6th Cir. May 11, 2018) (VISTA participant was not an employee of the placement agency).

law. In *Smith*, the only case cited from this District, the defendant sued the placement agency; the court was not asked to determine if the organizations at which plaintiff worked were 'employers.'

WSU argues that the case most directly on point is *Murray v. Am. Red Cross Cap. Area Chapter*, *supra* n.2. In *Murray*, the Florida court noted that "Americorps is a creation of federal law" governed by the NCSA, finding that statute's language that a participant "shall not be considered a Federal employee" or "an employee of the program in which the participant is enrolled" to be dispositive. *Murray* at *1. The court found that exceptions to this rule were explicitly dictated by Congress, such as for purposes of the Family and Medical Leave Act, federal workers compensation, and for some, the Federal Tort Claims Act. *Id*. at *2. Because, however, there is no similar exception for Title VII, the court concluded that plaintiff had no claims under that statute or the analogous state statute, the Florida Civil Rights Act. *Id*.

At the hearing, WSU also emphasized *Smith v. Corp. for Nat'l & Cmty. Serv.*, No. 2:16-CV-13700, 2017 WL 3474077 (E.D. Mich. June 14, 2017), *report and recommendation adopted*, 2017 WL 3471231 (E.D. Mich. Aug. 11, 2017), *aff'd*, No. 17-2008, 2018 WL 4191104 (6th Cir. May 11, 2018), in which the court found that plaintiff's claim against her placement agency was precluded by her failure to exhaust administrative remedies under 45 C.F.R. § 1225. Like

10

*Murray*, *Smith* demonstrates the application of federal law to discrimination

actions from AmeriCorps participants, but neither case addresses whether federal

subject matter jurisdiction is proper where the plaintiff has made only state law

claims.[3]  Thus, the undersigned is not persuaded that either case compels a remand.

Hill contends that WSU initially failed to cite "the only applicable Michigan

case" on this issue, *Dana v. American Youth Found.*, 668 N.W.2d 174 (Mich. App.

2003).  (ECF No. 7, PageID.85).  In *Dana*, the court considered whether

AmeriCorps volunteers were eligible for state unemployment benefits.  The lower

court found that the plaintiff was an employee based on the "economic realities

test," though the only issue before the Court of Appeals was whether an exception

applied to the AmeriCorps agency.  *Id*. at 210-211.[4]

WSU notes that the *Murray* court found *Dana* and two other cases[5]

regarding state worker compensation or unemployment benefits are

distinguishable, as "[t]his does not mean that the federal statutes do not apply for

---

[3] The plaintiff in *Smith* proceeded *pro se* and does not appear to have designated
the statutes under which she sought relief; however, her action was removed to
federal court on the basis of stating a claim under Title VII, and the plaintiff did
not challenge removal.  *See* 2:16-cv-13700-VAR-APP ECF No. 1, 1-1.

[4] In *Moise v. Miami-Dade Cty*, *supra* n.2, the court also applied economic realities
tests in determining whether AmeriCorps participants were employees but
concluded that participants could not be considered employees of the host
organization under these tests.

[5] *Anderson v. Homeless & Hous. COA*, 135 S.W.3d 405, 410-11 (Ky.
2004); *Cuevas v. Americorps*, 788 N.Y.S.2d 486, 488 (N.Y. App. Div. 2005).

11

purposes of other *federal* statutes." *Murray*, 2008 WL 11460707 at *2 (emphasis in original). The *Murray* court is correct that these cases do not speak to a volunteer being an employee for the purpose of a civil rights statute, but *Dana* is informative on the method of inquiry. The undersigned agrees with Hill that with respect to this question, "her ELCRA claim only requires the analysis of Michigan common law and the ELCRA." (ECF No. 10, PageID.609).

Notwithstanding the above discussion, the undersigned need not determine whether Hill is an employee for the purposes of the ELCRA, or if the federal statute governs this issue. 42 U.S.C. § 12511(17)(B) ("A participant shall not be considered to be an employee of the organization receiving assistance under the national service laws through which the participant is engaging in service."). The only issue before the Court is if this inquiry raises a substantial federal question. The undersigned finds that it does not. The language of the federal statute is clear; the crux of the inquiry will be whether this language provides an affirmative defense to Hill's ELCRA claim. However, it is well-established that "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original).

At the hearing, WSU argued that a finding that a participant was an employee would potentially upend the entire AmeriCorps program, requiring compliance with federal minimum wage laws and a host of other regulations that were not intended to apply to these volunteer positions.  Hill countered that the issue at stake in the underlying matter is whether participants are considered employees under Michigan's ELCRA statute, not any other statute.  The undersigned agrees with Hill.  There is no indication that a ruling on this issue, based potentially on Michigan common law, would apply to other statutes, especially since courts have emphasized that most *federal* statutes were not intended to apply to AmeriCorps participants.  *See Murray* at *2.  Thus, WSU has not met its burden of showing a substantial federal question in Hill's state law claim.

## B.  Complete Preemption

### 1.  General

"Complete preemption arises in the rare circumstance where Congress legislates an entire field of law."  *Miller v. Bruenger*, 949 F.3d 986, 994 (6th Cir. 2020) (citing *Roddy v. Grand Trunk W.R.R.*, 395 F.3d 318, 323 (6th Cir. 2005)). "When Congress does so, federal law completely overrides all state law on the topic."  *Id*. (citing *AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004)). "Given that dramatic altering of the traditional federal-state balance, we are

reluctant to find such broad-based preemption." *Id*. (citing *Roddy* at 323). "The statute in question must reflect clear congressional intent to do so. And its language must contain 'extraordinary preemptive power.' " *Id*. (internal citations omitted). "In other words, the statute must engulf an entire area of state law, transforming a state-law complaint into one that essentially states a federal claim." *Id*. (citing *Medlen v. Estate of Meyers*, 273 F. App'x 464, 467 (6th Cir. 2008)). Complete preemption applies "in situations where Congress has indicated an intent to occupy the field so completely that any ostensibly state law claim is in fact a federal claim for purposes of arising-under jurisdiction." *AmSouth Bank*, 386 F.3d at 776.

## 2. Application

As Hill notes, the Supreme Court has recognized complete preemption under only three statutes: § 301 of the Labor Management Relations Act, 1947 (LMRA), 29 U.S.C. § 185; § 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*., and § 30 of the National Bank Act, 12 U.S.C. §§ 85 & 86. *See Roddy*, 395 F.3d at 323. WSU conceded as much at the hearing, but asks the undersigned to recognize the NCSA as the fourth such statute. However, "[i]n the absence of explicit direction from Congress, the Supreme Court has stated that it would be reluctant to find the extraordinary preemptive power that converts an ordinary state common law complaint into one stating a federal claim

14

for purposes of the well-pleaded complaint rule." *Id.* (citing *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987)).

While WSU may have made the case for preemption of Hill's ELCRA claims by the NCSA, that issue is not before the undersigned.  Ordinary preemption by a federal statute is distinct from complete preemption and does not create removal jurisdiction. *Warner v. Ford Motor Co.* 46 F.3d 531, 535 (6th Cir. 1995) (en banc).

In *Miller v. Bruenger*, the Sixth Circuit considered whether the Federal Employees' Group Life Insurance Act (FEGLIA) met the standard for complete preemption, but found "no evidence that FEGLIA clears these high bars."  949 F.3d at 995.  FEGLIA stated that the "provisions of any contract under this chapter … shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions." *Id.*  Despite this language, and noting that Congress surely did intend FEGLIA to have some preemptive force, the court found that "that preemption clause does not rise to the exacting standards required to find complete preemption." *Id.*  "In fact, FEGLIA's preemption provision likely cuts the other way.  Had Congress intended entirely to occupy the field, it would have said so in more express terms, perhaps along the lines of stating that FEGLIA is the

15

exclusive cause of action for any claim (including state-law claims) that could implicate FEGLIA." *Id*.

WSU points out that the NCSA and its implementing regulations fully encompass the AmeriCorps program, and that it contains its own civil rights provisions, grievance rules, and limitations periods. (ECF No. 9, PageID.163); *see* 42 U.S.C. §§ 12635, 12636. WSU also argues that, as noted in *Murray*, that AmeriCorps participants are federal employees for federal workers compensation purposes, and some participants are considered federal employees for Federal Tort Claims Act purposes. *See* 42 U.S.C. § 12655n(b)(2); 42 U.S.C. § 12655n(b)(3). But if anything, as in *Miller v. Bruenger*, the explicit but not fully-encompassing preemptions present in the NCSA statute cut against an argument for complete preemption.

Ultimately, as Hill maintains, WSU has failed to point to explicit language in the NCSA that would show congressional intent to completely preempt state law claims and create federal removal jurisdiction. (ECF No. 7, PageID.99). Due to the lack of complete preemption, combined with the lack of a substantial federal question, the undersigned recommends that Hill's motion to remand be granted.

## C. Attorney Fees

Hill also requests attorney fees. Under 28 U.S.C. § 1447(c), "an order remanding the case *may* require payment of just costs and any actual expenses,

including attorney fees, incurred as a result of the removal." (emphasis added).  "

'Absent unusual circumstances,' the Supreme Court instructs that fee awards are

appropriate 'only where the removing party lacked an objectively reasonable basis

for seeking removal.' "  *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055,

1059 (6th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141

(2005)).  Hill cites *Warthman* as an example of attorney fees being considered

where a removal was objectively unreasonable.  Despite the recommendation in

Hill's favor, WSU presented an objectively reasonable basis for removal.  Further,

Hill's request for attorney fees does not comport with E.D. Mich. LR 54.1.2(b),

which provides:

> A motion for an award of attorneys' fees shall be supported by a
> memorandum brief as to the authority of the Court to make such an
> award, and as to why the movant should be considered the "prevailing
> party," if such is required for the award.  The motion shall also be
> supported by an affidavit of counsel setting out in detail the number of
> hours spent on each aspect of the case, the rate customarily charged by
> counsel for such work, the prevailing rate charged in the community for
> similar services, and any other factors which the Court should consider
> in making the award.  Within 14 days after filing of the motion, the
> party or parties against whom the award is requested shall respond with
> any objections thereto and accompanying memorandum setting forth
> why the award is excessive, unwarranted, or unjust.

Under these circumstances, Hill's request for costs and fees including attorney fees

should be denied.

## V.  Conclusion

17

Accordingly, for the reasons stated above, the undersigned RECOMMENDS that that Hill's motion to remand be GRANTED, that her request for attorney fees be DENIED, and that this matter be REMANDED to the Wayne County Circuit Court for further proceedings.

Dated: October 14, 2021                          s/Kimberly G. Altman
Detroit, Michigan                                KIMBERLY G. ALTMAN
                                                 United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

18

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon
counsel of record and any unrepresented parties via the Court's ECF System to
their respective email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on October 14, 2021.

<div style="margin-left:auto;width:40%">

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager

</div>

19